IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                     No. CIV 04-885 BB/WDS

**JOHN S. WILLIAMSON, ET AL.,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

    This matter comes before the Court for consideration of two motions filed by Plaintiff: a motion to dismiss Defendants' counterclaim (Doc. 37), and a motion for partial summary judgment (Doc. 52). After considering the submissions of the parties and the applicable law, the Court will grant both motions, for the reasons set out below. In addition, the Court will order that Defendants show cause why sanctions should not be imposed on them, due to the manner in which they have litigated this case.

    Although Defendants have filed counterclaims against Plaintiff, most of those counterclaims are not actually claims requesting affirmative relief. Instead, they are defenses against Plaintiff's action. For example, Defendants attack the validity of the exhibits attached to Plaintiff's complaint, in Count I of the counterclaim; maintain that the term "income" for tax purposes includes only corporate profits, in Count II; and claim the Supreme Court has ruled the federal income tax unconstitutional, in Count VI. In addition, most of the arguments made by Defendants in support of their counterclaims are the same as those argued in opposition to

Plaintiff's motion for partial summary judgment. For these reasons, the Court will address both motions simultaneously.

Plaintiff filed this lawsuit asking for two main types of relief. First, Plaintiff wishes to reduce to judgment several income tax assessments made against Defendant John S. Williamson and Defendant Nancy L. Williamson. Second, Plaintiff wishes to enforce the judgment as well as federal tax liens, by invalidating the transfer of certain real property and foreclosing the tax liens. The motion for partial summary judgment concerns only the first part of Plaintiff's case, asking this Court to enter a judgment based on the income tax assessments.

In support of the request for a judgment, Plaintiff has attached to the complaint copies of a number of certificates of assessments and payments, signed by a government official and certifying the amounts owed by Defendants.[1] According to case law, such certificates of assessments and payments are admissible evidence and are prima facie proof of the amounts of taxes owed by a defendant. *See United States v. Hillman*, 60 Fed.Appx. 563, 563-64 (6th Cir. 2003); *McCarty v. United States,* 929 F.2d 1085, 1089 (5th Cir. 1991); *United States v. Gonzales*, 1991 WL 270002 (10th Cir.); *United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989); *Holland v. United States*, 209 F.2d 516, 520-21 (10th Cir. 1954). This Court is required to follow the law established by the Tenth Circuit in *Gonzales, Holland*, and other cases, and must therefore reject Defendants' claims that the documents attached to the complaint are inadmissible hearsay and are not sufficient to establish the amounts of money owed by Defendants to Plaintiff. In addition, although Defendants argue that the amounts of money claimed by Plaintiff are excessive and

---

[1]In this opinion, except as otherwise noted, the Court will use the term "Defendants" to refer only to Defendants John S. and Nancy Williamson, as they are the only Defendants who are the subjects of the assessments in question.

inaccurate, Defendants presented no evidence contradicting the accuracy of the certificates of assessment. Accordingly, the Court must accept the amounts stated in those certificates. *See Gonzales* (where defendant did not produce evidence to show government's assessments were erroneous, district court properly used those assessments to establish amount owed by defendant).

In an effort to avoid entry of judgment, Defendants raise several lines of argument. The first claims this Court lacks jurisdiction over this case; the second claims Defendants are entitled to a jury trial and summary judgment may therefore not be entered against them; and the third attacks the validity of the income tax statutes as applied to Defendants. All of these arguments fail, as they are patently without merit.

Defendants' jurisdictional argument is contradicted by cases from the Tenth Circuit and other circuits, holding that a federal district court has jurisdiction over a lawsuit filed by the federal government to reduce tax assessments to judgment and to enforce federal tax liens. *See United States v. Simons*, 86 Fed.Appx. 377 (10th Cir. 2004); *United States v. Scherping*, 187 F.3d 796, 798 (8th Cir. 1999). Defendants' argument to the contrary is incomprehensible. To the extent the Court can understand it, Defendants appear to maintain that certain federal regulations, which apply only to taxes on alcohol, tobacco, and firearms, limit the scope of this Court's jurisdiction to such cases and prevent adjudication of claims, like this one, arising out of the federal income tax statutes. This argument is simply wrong; 27 C.F.R. part 70.141, upon which Defendants rely, does not affect the broad jurisdictional statutes discussed in *Simons* and *Scherping*. This Court clearly has jurisdiction over Plaintiff's claims in this case.

In support of their claim of a right to a jury trial, Defendants rely on 26 U.S.C. § 7804(b), which according to Defendants preserves their right to such a trial and allows them to recover any

tax that has erroneously been assessed.  There are at least two problems with this argument.  First, Section 7804(b) was amended in 1998 and no longer contains the language relied on by Defendants.  *See* 26 U.S.C.A. § 7804, including amendment history.  Second, even if the language in question were still in the statute, it would not aid Defendants.  The former Section 7804(b) did not provide an independent cause of action to a taxpayer; instead, to assert the right to a jury trial and to recover assessed taxes, a taxpayer was required to first pay the assessed taxes, and then sue for a refund under 26 U.S.C. § 7422.  *See Purk v. United States*, 747 F.Supp. 1243, 1245 (S.D. Ohio 1989).  Finally, even where a jury trial has been provided by statute, a motion for summary judgment may be used to eliminate some or all claims from a case, if the exhibits filed by the parties indicate no triable issue remains to be the subject of such a trial.  *See* Federal Rules of Civil Procedure, Rule 56 (providing for summary adjudication of some or all claims in a case, under appropriate circumstances); *United States v. Mathewson*, 839 F.Supp. 858 (S.D. Fla. 1993) (summary judgment granted reducing government tax liens to judgment).

Defendants' main argument is that, for a number of reasons, the federal income tax statutes do not apply to them and they therefore owe no such taxes.  Defendants and others have raised all of these arguments before, in other cases.  The arguments include the following:  (1) the Supreme Court has defined "income" to include only corporate profit, and Defendants have no corporate profits to be taxed; (2) the Supreme Court has ruled the federal income tax unconstitutional; (3) the Sixteenth Amendment created no new taxing powers; (4) neither "type of tax 1040" nor the income tax are legitimate taxes; and (5) Defendants are not subject to the federal income tax laws because they do not reside in a United States territory such as Guam or the Virgin Islands, and are not federal employees.  All of these arguments are frivolous, and have

4

been rejected over and over again by court after court.  *See, e.g., Gonzales, supra* (district court properly rejected argument that defendant was not subject to federal taxation because he was not a federal employee); *In re Becraft*, 885 F.2d 547, 548-49 (9th Cir. 1989) (attorney sanctioned for raising frivolous argument that federal income tax laws do not apply to resident United States citizens; argument contradicts 75 years of court decisions recognizing validity of income tax laws under the Sixteenth Amendment); *United States v. Ward*, 833 F.2d 1539, 1540 (11th Cir. 1987) (rejecting as "utterly without merit" defendant's argument that Internal Revenue Code applies only to individuals residing in territories and possessions of United States); *Stelly v. Cm'r of Internal Revenue*, 761 F.2d 1113, 1115 (5th Cir. 1985) (plaintiff's attempt to argue that "income" does not mean wages or salary is patently frivolous; every court addressing the issue has held statute imposing federal tax on wages to be constitutional); *Parker v. Cm'r of Internal Revenue*, 724 F.2d 469, 471 (5th Cir. 1984) (Sixteenth Amendment was enacted for express purpose of providing for a direct income tax on wages, salaries, commissions, and other income); *United States v. Porth*, 426 F.2d 519, 523 (10th Cir. 1970) (federal income tax may be levied under Sixteenth Amendment, and allegations to contrary are far-fetched and frivolous).

      Given the above authority, the Court finds that all of Defendants' arguments are completely without merit, that Plaintiff's motion for summary judgment should be granted, and that Defendants' counterclaims should be dismissed.  In addition, the Court takes note of the fact that Defendants have been informed several times, in several different cases, that their claim to be exempt from the federal income tax  has no legal justification.  The Court also notes that *pro se* litigants such as Defendants have been sanctioned by courts, including the Tenth Circuit, for raising the frivolous argument that the federal income tax is unconstitutional or otherwise

inapplicable to United States citizens.  *See Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984); *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984).  Finally, the Court notes that Defendants, in an attempt to force the recusal of the judge previously assigned to this case, have made accusations against Senior Judge James A. Parker that are serious in nature, appear to be without factual support, and may warrant the imposition of sanctions.  [Doc. 43] For these reasons, all Defendants, with the exception of the New Mexico Taxation and Revenue Department, will be ordered to show cause why sanctions should not be imposed on them due to the frivolous arguments they have raised and the accusations they have made against Judge Parker.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Plaintiff's motion to dismiss Defendants' counterclaim (Doc. 37) be, and hereby is, GRANTED; and that Plaintiff's motion for partial summary judgment (Doc. 52) be, and hereby is, GRANTED.  In addition, an order will be entered requiring all the individual Defendants to appear before this Court to show cause why sanctions should not be imposed upon them for raising frivolous arguments and making unfounded accusations against the judge who formerly presided over this case.  Finally, Defendants are hereby informed that this order does not dispose of the case and is therefore not a final, appealable order at this time.

Dated this 29th day of December, 2005.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**

**For Plaintiff**
David Iglesias
Waymon G. DuBose, Jr.

**For Williamson Defendants**
**and Defendant Kruhm**
All Defendants appear *pro se*

**For New Mexico Taxation and Revenue Department**
Susanne Roubidoux