# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                                No. CIV 04-885 BB/WDS

JOHN S. WILLIAMSON, ET AL.,

              Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of a third motion for partial summary judgment filed by Plaintiff (Doc. 104), as well as a motion to dismiss and a second motion to dismiss filed by Defendants (Docs. 98, 119).  After considering the submissions of the parties and the applicable law, the Court will deny all three motions, for the reasons set out below.

**Motions to Dismiss**

Defendants' motions to dismiss are simply reiterations of the arguments they have made many times previously--that there is no "kind of tax 1040," that they are not liable for payment of any income tax, and that neither this Court nor Plaintiff has shown them a statute or regulation making them liable for such payment.  As Defendants have been told many times, these arguments are frivolous and without merit.  Defendants are legally required to pay federal taxes on their income, and their fervent belief to the contrary is simply wishful thinking.  *See, e.g., In re Becraft*, 885 F.2d 547, 548-49 (9th Cir. 1989) (attorney sanctioned for raising frivolous argument that federal income tax laws do not apply to resident United States citizens); *Stelly v. Cmm'r of Internal Revenue*, 761 F.2d 1113, 1115 (5th Cir. 1985) (plaintiff's attempt to argue that "income"

does not mean wages or salary is patently frivolous); *Parker v. Cmm'r of Internal Revenue*, 724 F.2d 469, 471 (5th Cir. 1984) (Sixteenth Amendment was enacted for express purpose of providing for a direct income tax on wages, salaries, commissions, and other income); *United States v. Porth*, 426 F.2d 519, 523 (10th Cir. 1970) (federal income tax may be levied under Sixteenth Amendment, and allegations to contrary are far-fetched and frivolous). These motions will be denied, and the Court will entertain any appropriate sanction motions.

### Motion for Partial Summary Judgment

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Plaintiff's motion in light of these standards.

Plaintiff's motion is directed at the 1982 transfer of three parcels of property ("Dinah Road property) from John S. Williamson and Nancy Williamson ("Defendants") to their three

sons, John G., David, and Andrew, one parcel to each son.[1]  Plaintiff maintains this transfer was a

fraudulent conveyance or transfer.  In the alternative, Plaintiff contends Defendants' sons are not

the true owners of the property but merely hold the property as nominees of Defendants.  Under

either theory advanced by Plaintiff, New Mexico law determines whether Defendants have a

property interest to which Plaintiff's tax lien may attach.  *See, e.g., Drye v. United States*, 528

U.S. 49, 58 (1999) (state law determines what rights a taxpayer has in property the government is

trying to reach; federal law then determines whether federal tax lien can attach to those rights);

*Spotts v. United States*, 429 F.3d 248, 250-51 (6th Cir. 2005) (nominee tax liens are not

mentioned in internal revenue code or in regulations; but examination of facts in light of state law

can reveal that property is actually owned by taxpayer and therefore subject to lien, under

nominee theory).  As discussed below, viewing the evidence in the light most favorable to

Defendants, there are genuine issues of material fact as to whether the conveyance to the sons

was a true transfer of ownership interest, or was merely an effort to shield the property from

creditors such as Plaintiff.  Therefore, summary judgment may not be granted on either the

fraudulent-conveyance theory or the sons-as-nominees theory.

     **Fraudulent Conveyance or Transfer:**  New Mexico has enacted the Uniform Fraudulent

Transfer Act, NMSA §§ 56-10-14 to -25 (1992), which is a recodification of the Uniform

Fraudulent Conveyance Act that was in effect at the time the Dinah Road property was

transferred.  These statutes establish two ways in which a transfer may be deemed fraudulent and

therefore voidable:  (1) constructive fraud, which occurs when a transfer is made without receipt

---

[1]The Court recognizes that the Williamsons and their sons are all Defendants in this action; however, for ease of reference the Court will use "Defendants" in this opinion to refer only to the parents, and will refer to each son by his first name.

of a "reasonably equivalent value" for the property, and the transferor will be left without resources adequate to pay current or known future debts; and (2) actual fraud, which occurs when a transfer is made with the actual intent to hinder, delay, or defraud a creditor.  NMSA § 56-10-18(A).  In order to obtain summary judgment, Plaintiff must establish, with undisputed facts, that Defendants committed either constructive or actual fraud when they transferred the Dinah Road property to their sons.

In an attempt to prevail on the constructive fraud issue, Plaintiff argues that at the time of the 1982 transfer of the Dinah Road property to their then-minor sons, Defendants knew or should reasonably have known that they would incur debts beyond their ability to pay.  Plaintiff points to the fact that in 1981 Defendants lost a tax-court challenge to a $608 tax deficiency for the 1976 tax year, and had not filed tax returns for the 1978, 1979, 1980, and 1981 tax years.  Plaintiff also relies on the fact that a 1987 tax-court opinion determined that Defendants had tax deficiencies totaling $7000 for the 1980, 1981, and 1982 tax years.  The problem with Plaintiff's argument is that the record reveals absolutely no evidence concerning Defendants' ability to pay the tax deficiencies they had incurred, or may have planned on incurring, at the time of the property transfer.  There is no evidence concerning Defendants' income in 1982, or what other assets they might have owned when they transferred the Dinah Road property to their sons.  There is a genuine issue of fact, therefore, as to whether the debts Defendants had incurred or planned on incurring were beyond their ability to pay.  NMSA § 56-10-18(A)(2)(b); *see Davenport v. Quinn*, 730 A.2d 1184, 1198 (Conn. App. 1999) (question of whether fraudulent conveyance occurred is issue of fact).  For that reason, summary judgment cannot be granted on the constructive-fraud theory advanced by Plaintiff.

4

As to the actual-fraud issue, Plaintiff relies on the following evidence:  (1) the transfer of property was to close family members, Defendants' sons, and was made for no consideration; (2) Defendants continued to reside on the property for a number of years following the transfer; (3) Defendants paid gas bills and electricity bills for a partially-constructed house located on the property; and (4) the transfer occurred at a time when Defendants knew they owed money to Plaintiff, knew they had not filed income tax returns for several years and therefore would owe more money to Plaintiff, and planned to incur more tax deficiencies in the future.  The Court agrees that this evidence, standing alone, would support an inference that the transfer was done with "actual intent to hinder, delay or defraud" a creditor.  *Id.* § 18(A)(1).  However, there is other evidence in the record that contradicts such an inference and indicates the transfer was a genuine transfer of ownership interest from Defendants to their sons and was done for purposes other than defrauding a creditor.  First, Nancy Williamson testified in her deposition that the reason for the property transfer was the fact that her marriage to John Williamson was shaky, and they transferred the property to their sons to protect them in the future "in case the marriage did not hold up."  [MSJ Exhibit, Nancy Williamson depo., p. 18]  This is direct evidence as to intent that contradicts the circumstantial evidence proffered by Plaintiff.  Second, the oldest son, John G., testified that he had always paid the property tax on his parcel of land, and often paid the tax for his brothers on their parcels; he earned the money to pay the taxes by mowing lawns and working for neighbors.  [MSJ Exhibit, John G. Williamson depo., pp. 15-16]  John G. specifically testified that his parcel of land was his, that his parents told the sons the Dinah Road property was their property, and that each brother owned a lot.  [*Id.* pp. 16-17]  David confirmed this testimony in his deposition, by stating that he had paid the real estate taxes for as long as he could

remember, that he also had cut lawns to raise the money, and that his parents required him to pay the taxes.  [MSJ Exhibit, David Williamson depo. pp. 12-13]  Thus, there is evidence in the summary judgment record that, if believed, would establish that the transfer of the Dinah Road property was a genuine gift from Defendants to their sons, that all parties believed the sons were the owners of the property, and that the motivation for the gift was not to defraud Plaintiff or any other creditor but to ensure that the sons retained some property if Defendants' marriage fell apart.  For summary-judgment purposes, as noted above, this Court must view the evidence in the light most favorable to Defendants, not Plaintiff.  For that reason, summary judgment cannot be granted on the actual-fraud theory.  *Compare Peoples v. AuburnBank*, 814 So.2d 297, 301 (Ala. App. 2001) (transaction between husband and wife was not fraudulent conveyance where wife paid valuable consideration for property), *with United States v. Spence*, 110 F.Supp.2d 1335, 1342 (D.N.M. 1999), *rev'd on other grounds,* 242 F.3d 392 (10th Cir. 2000) (transfer of property to son and church was fraudulent transfer where taxpayers were rendered insolvent by transfer).

**Sons as Nominees of Defendants:**  Plaintiff also contends the sons are not the true owners of the Dinah Road property, but merely hold paper title to the property as nominees for Defendants.  If a person transfers the legal title to certain property to someone else, but continues to retain beneficial or equitable ownership of the property, the transferee is not the true owner of the property but is the nominee of the transferor.  Under such circumstances, a tax lien can attach to the property even if the delinquent taxes are owed by the transferor.  *See Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000); *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1036 (10th Cir.1974).  On the other hand, where a delinquent taxpayer has transferred title to property to a family member, intending to make a genuine gift of the property,

6

the transferee is not a mere nominee and a tax lien will not attach to the property.  *See Spotts v. United States, supra*, 429 F.3d at 252-53 (summary judgment was inappropriate as to taxpayer's interest in house, where taxpayer had transferred title to wife and there was evidence that transfer was a true gift).

In this case, Plaintiff relies on the facts set out above, to the effect that Defendants continued to reside on the property after the transfer for a number of years, that the transferees were their minor sons, and that Defendants paid the gas and electricity bills for the property.  In addition, Plaintiff points out that the property is currently used to store equipment used in Defendant John Williamson's business.  Again, however, there is contrary evidence concerning who might be the true beneficial owners of the property in question.  For one thing, all three sons participate in the operation of the business and share in the profits, so the storage of the equipment on the property also benefits them.  [John Williamson depo. pp. 58-59, 62; David Williamson depo. p. 7]  Also, as noted above, there is evidence the sons paid the property taxes on each of the three parcels.  In addition, the fact that there were three parcels of land, with one given to each son, gives rise to an inference that each son was intended to be the true owner of one parcel of the Dinah Road property.  The continued use of the property by Defendants is not enough, standing alone, to raise an irrebuttable inference that Defendants retained beneficial ownership of the property.  *See Spotts, supra* (where transfer is between close family members, continued use of residence by transferor is to be expected even if true transfer of ownership was intended).  As was the case with the fraudulent transfer issue, there is evidence raising a genuine issue of fact as to whether Defendants are the beneficial owners of the Dinah Road property, or

whether their sons are the beneficial as well as legal owners of the property.  Summary judgment must therefore be denied on Plaintiff's nominee theory.

**Conclusion**

Based on the foregoing, Plaintiff's third motion for partial summary judgment will be denied, as will Defendants' motion to dismiss and second motion to dismiss.

**ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Plaintiff's third motion for partial summary judgment (Doc. 104), Defendants' motion to dismiss (Doc. 98), and Defendants' second motion to dismiss (Doc. 119), be, and hereby are, DENIED.

Dated this 12th day of October, 2006.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**

**For Plaintiff**
David Iglesias
Waymon G. DuBose, Jr.

**For Williamson Defendants and Defendant Kruhm**
All Defendants appear *pro se*

**For New Mexico Taxation and Revenue Department**
Susanne Roubidoux