IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           No. CIV 04-885 BB/WDS

JOHN S. WILLIAMSON, NANCY L.
WILLIAMSON, GARRETT JAMES
WILLIAMSON, DAVID ANDREW
WILLIAMSON, JOHN GREGORY
WILLIAMSON, and DEBORAH
KRUHM,

        Defendants.

COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW

THIS MATTER came on for a trial to the Court without a jury on November 6 and 7, 2006, and having considered all the evidence and arguments, as well as memoranda of law, and the proposed findings of fact and conclusions of law submitted by the parties, the following are the Court's Findings of Fact and Conclusions of Law:

Findings of Fact

1.      On August 4, 2004, the United States filed this suit to reduce to judgment certain income tax assessments against John S. Williamson and Nancy L. Williamson. This suit also seeks to set aside and avoid conveyances by the Williamsons to their then minor Sons of the real property located at 23 Dinah Road, Edgewood, Bernalillo County, New Mexico ("the Dinah Road property"), in April 1982, as fraudulent. It also seeks to foreclose federal tax liens against the Dinah Road property and to obtain a judgment

against the Williamsons for any amounts remaining unpaid after the distribution and application of the proceeds when the real properties are sold.  The suit also seeks to foreclose federal tax liens against the real property located at 31 Ben Road, Edgewood, Bernalillo County, New Mexico ( "the Ben Road property").

2.    John S. Williamson and Nancy L. Williamson (hereinafter "the Williamsons") were married in June 1967 and remain husband and wife.  Deborah Kruhm is the sister of John S. Williamson.

3.    After graduating from high school in Albuquerque, the Williamsons both graduated from the University of New Mexico.  Nancy L. Williamson received a degree in nursing. John S. Williamson received a degree in industrial education.

4.    The Williamsons have three sons, Defendants John Gregory Williamson, David Andrew Williamson, and Garrett James Williamson (hereinafter referred to individually by name or collectively as " Sons").

5.    In the 1970s, John S. Williamson was a junior high school teacher in the Albuquerque public schools.

6.    In 1976, John S. Williamson started working as a water well contractor, doing business as Williamsons' Waterworks.

7.    John S. Williamson, with his three Sons, currently conducts the water well contracting business under the name The Water Works Ltd. from 23 Dinah Road in Bernalillo County.

8.    On April 28, 1971, Robert E. Honaker conveyed the property at 23 Dinah Road by warranty deeds to the Williamsons.

9.     The Dinah Road property is located in this judicial district and is more particularly

described as follows:

Lot numbered One (1) in Block Numbered Six (6) of a plat of the lands of Frank
H. Martin and James C. Farrington, which lands are commonly known as
HOLIDAY HILLS as said lot is shown and designated on the plat of Holiday
Hills, filed in the office of the County Clerk of Bernalillo County, New Mexico.

Lot numbered Two (2) in Block Numbered Six (6); and Lot numbered Fourteen
(14) in Block Numbered Five (5) of a plat of the lands of Frank H. Martin and
James C. Farrington, which lands are commonly as known as HOLIDAY
HILLS as said lots are shown and designated on the plat of Holiday Hills, filed
in the office of the County Clerk of Bernalillo County, New Mexico, on May 21,
1957.

10.    On September 7, 1973, Joseph Walter Buschek and Renee R. Buschek conveyed the

Ben Road property by warranty deed to Isabel H. Williamson, John S. Williamson and

Deborah Kruhm, as joint tenants with rights of survivorship.  One of the three lots that

comprise the Dinah Road property adjoins the Ben Road property across a cul-de-sac.

11.    The Ben Road property is located in this judicial district and is more particularly

described as follows:

Lot numbered Six (6) in Block Numbered Three (3) of the Plat of the lands of
Frank H. Martin and James C. Farrington, which lands are commonly known
as "HOLIDAY HILLS" and which Plat was filed in the office of the County
Clerk of Bernalillo County, New Mexico.

12.    The Williamsons have been involved in litigation with the Internal Revenue Service for

more than two decades and have a long history of refusing to file federal income tax

returns.

13.    The Williamsons did not file federal income tax returns for years 1978, 1980, 1981, and

1982.

3

14.     For taxable years 1978 and 1979, and 1980 through 1982, the Commissioner issued notices of deficiency to the Williamsons. In each instance, they petitioned the Tax Court for a redetermination of the deficiencies asserted by the IRS.

15.     The Williamsons did not appeal the adverse Tax Court decision and it became final.

16.     On December 23, 1981, the United States Tax Court in Docket No. 7582-78 entered a Memorandum Opinion determining a deficiency of $608 in federal income tax against the Williamsons for year 1976.

17.     On April 30, 1982, the Williamsons owed federal income taxes for year 1976 and had failed to file federal income tax returns for years 1978, 1979, 1980 and 1981.

18.     On May 14, 1982, the IRS, in accordance with the Tax Court decision of December 23, 1981, made assessments against the Williamsons for income tax deficiency for year 1976 and statutory additions to tax ($901.18) and gave notice of demand for payment thereof under 26 U.S.C. § 6215.

19.     On April 30, 1982, the Williamsons transferred Lot 2, Block 6 of the Dinah Road property by warranty deed to two of their Sons, David Andrew Williamson and John Gregory Williamson.

20.     On April 30, 1982, the Williamsons also transferred Lot 14, Block 5 of the Dinah Road property by warranty deed to two of their Sons, Garrett James Williamson and John Gregory Williamson.

21.     On April 30, 1982, John Gregory Williamson was twelve (12) years old, David Andrew Williamson was ten (10) years old, and Garrett James Williamson was five (5) years old.

22.   The Williamsons began building a house on the Dinah Road property before they transferred it to their minor Sons. The house had two floors above ground, a basement, three bedrooms and three baths, eventually consisting of about 4000 total square feet, and a two-car garage.

23.   The Williamsons and their three Sons lived on the Dinah Road property, both before and after the transfers of the property to their Sons.

24.   After April 30, 1982, the Williamsons paid the propane gas bills, the electricity bills, and the ad valorem property taxes for the Dinah Road property while they continued to live there with their Sons. The testimony regarding the boys paying the ad valorem taxes out of their allowance was inherently incredible.

25.   On April 20, 1983, the IRS filed a Notice of Federal Tax Lien against the Williamsons in the real property records of Bernalillo County, New Mexico, for tax year 1976 in the aggregate amount of $901.18.

26.   On March 30, 1990, the IRS issued a tax levy against John S. Williamson d/b/a/ Williamson Water Works for federal income taxes in the aggregate amount of $20,621.37 for deficiencies in tax years 1978, 1979, 1980, 1981, and 1982.

27.   On March 30, 1990, the IRS issued a tax levy against Nancy L. Williamson for federal income taxes in the aggregate amount of $15,977.96, for tax years 1978, 1979, 1980, 1981, and 1982.

28.   Despite notice of the assessments and demand for payment, John S. Williamson failed to fully pay his federal tax liabilities and, as of May 1, 2004, was indebted to the United States in the amount of $152,676.67 and for additional interest and penalties.

29.     By virtue of John S. Williamson's neglect or failure to pay in full, after notice of assessment and demand for payment, a lien arose pursuant to 26 U. S. C. §§ 6321 and 6322, as of the dates of assessment in an amount equal to the unpaid assessments, plus statutory additions, against all property interests of John S. Williamson.

30.     Despite notice of the assessments and demand for payment, Nancy L. Williamson failed to fully pay her federal tax liabilities assessments and was indebted, as of May 1, 2004, to the United States in the amount of $36,745.73.

31.     On July 16, 1990, the IRS filed a Notice of Federal Tax Lien against David Andrew Williamson and John Gregory Williamson, as Nominees of Nancy L. Williamson in regards to the Dinah Road property, Lot 1, Block 6 of the Holiday Hills plat in the real property records of Bernalillo County, New Mexico, in the aggregate amount of $10,585.51 for tax years 1978, 1979, 1980, 1981, and 1982.

32.     On July 16, 1990, the IRS filed a Notice of Federal Tax Lien against Garrett James Williamson and David Andrew Williamson, as Nominees of Nancy L. Williamson in regards to the Dinah Road property, Lot 1, Block 6 of the Holiday Hills plat in the real property records of Bernalillo County, New Mexico, in the aggregate amount of $10,585.51 for tax years 1978, 1979, 1980, 1981, and 1982.

33.     On July 16, 1990, the IRS filed a Notice of Federal Tax Lien against John Gregory Williamson and Garrett James Williamson as Nominees of Nancy L. Williamson in regard to the Dinah Road property, Lot 1, Block 6 of the Holiday Hills plat in the real property records of Bernalillo County, New Mexico, in the aggregate amount of $10,585.51 for tax years 1978, 1979, 1980, 1981, and 1982.

34.    On October 31, 1996, the Internal Revenue Service filed a Notice of Federal Tax Lien in the real property records of Bernalillo County, New Mexico, against Garrett James Williamson and David Andrew Williamson as nominees of John S. Williamson in regard to Lot 1, Block 6 of the Dinah Road property, in the aggregate amount of $84,682.92 for tax years 1983, 1985, 1986, 1987, and 1993.

35.    On October 31, 1996, the Internal Revenue Service filed a Notice of Federal Tax Lien in the real property records of  Bernalillo County, New Mexico, against David Andrew Williamson and John Gregory Williamson as nominees of John S. Williamson in regard to Lot 2, Block 6 of the Dinah Road property, in the aggregate amount of $84,682.92 for tax years 1983, 1985, 1986, 1987, and 1993.

36.    On January 19, 2000, the Internal Revenue Service filed a Notice of Federal Tax Lien against Nancy L. Williamson in the real property records of Bernalillo County, New Mexico, for unpaid taxes for year 1994 in the aggregate amount of $4,047.61.

37.    On June 1, 2004, the Internal Revenue Service re-filed a Notice of Federal Tax Lien against John Gregory Williamson and Garrett James Williamson as nominees of John S. Williamson in regard to Lot 14, Block 5 of the Dinah Road property in the real property records of Bernalillo County, New Mexico in the aggregate amount of $69,296.95 for tax years 1985, 1986, 1987, and 1993.

38.    On June 9, 1995, the Internal Revenue Service filed a Notice of Federal Tax Lien against John S. Williamson in the real property records of Bernalillo County, New Mexico, for unpaid taxes for years 1980, 1983, 1985, 1986, 1987 and 1993 in the aggregate amount of  $89,553.01.

39.     On June 1, 2004, the Internal Revenue Service re-filed a Notice of Federal Tax Lien against John S. Williamson in the real property records of Bernalillo County, New Mexico, for unpaid taxes for year 1986 in the aggregate amount of $3,724.18.

40.     On September 5, 2000, the Internal Revenue Service filed a Notice of Federal Tax Lien against Nancy L. Williamson  in the real property records of Bernalillo County, New Mexico, for  taxes for years 1995, 1996 and 1997 in the aggregate amount of $16,684,52.

41.     On January 21, 2004, the Internal Revenue Service filed a Notice of Federal Tax Lien against Nancy L. Williamson in the real property records of Bernalillo County, New Mexico, for unpaid taxes for year 1998 in the aggregate amount of $5,703.52.

42.     On December 29, 2005, this Court entered a Memorandum Opinion and Order, granting the first motion for partial summary judgment of the United States.  The Court held that, as of May 1, 2004, John S. Williamson was indebted to the United States in the aggregate amount of $157,676.67 and  Nancy L. Williamson was indebted to the United States in the aggregate amount of $36,745.73.  Both amounts are to incur statutory interest until paid.

43.     On August 24, 2006, the Court entered a Memorandum Opinion and Order, granting the United States' second motion for partial summary judgment.  This allowed foreclosure on the federal tax liens on the interests of the Williamsons in the Ben Road property to satisfy their delinquent income tax liabilities.

<u>**Conclusions of Law**</u>

1.     The Court has jurisdiction over the subject matter of, and the parties to, this action.

8

2.  New Mexico has adopted the Uniform Fraudulent Transfer Act ("UFTA"), § 56-10-14, *et seq.*, NMSA 1978 (1996 Repl. Pamp.).

3.  The purpose of the UFTA is to protect creditors when a debtor has made a conveyance of his property which diminishes the creditor's assets to the detriment of the rights of the creditor. *Michel v. J's Foods, Inc.*, 661 P.2d 474 (N.M. 1983). Under NMSA § 56-10-21, a creditor may set aside a fraudulent transfer to the extent necessary to satisfy the creditor's claim. *Mayer v. Jonas*, 184 B.R. 377 (D.N.M. 1995).

4.  Among the commonly recognized badges of fraud are: the insolvency or indebtedness of the debtor, the lack of consideration for the conveyance, the retention and use by the grantor of possession of the property, the close relationship between the transferor and the transferee, and the threat or pendency of litigation. *First Nat'l Bank v. Abraham*, 639 P.2d 575 (N.M. 1982); *see also United States v. Eaves*, 499 F.2d 869 (10th Cir. 1974). Each of these factors is present on the 1982 Williamsons transfer of the Dinah Road property to their Sons.

5.  Continuing to live in the Dinah Road property as well as to pay the utilities and taxes in the same fashion as before the transfer of the Dinah Road property is evidence the transfer was merely to avoid or delay the collection of the income tax debt then due and owing by the Williamsons. *United States v. Gosnell*, 961 F.2d 1518 (10th Cir. 1992).

6.  A statutory notice of tax deficiency is presumably correct and the burden is on the taxpayer to refute it. *United States v. Gosnell, supra*. Unassessed taxes are debts within the meaning of the UFTA. *United States v. Plastic Electro-Finishing Corp.*, 313 F. Supp. 330 (E.D. N.Y. 1970); *United States v. St. Mary*, 334 F. Supp. 799 (E.D. Pa. 1971). The

Paperwork Reduction Act does not limit the ability of the IRS to collect income taxes. *United States v. Dawes*, 951 F.2d 1189 (10th Cir. 1991).

7. Under the UFTA, a transfer is fraudulent if it is made with the intent not only to deny payment but also to merely hinder or delay creditors. *Klein v. Rossi*, 251 F. Supp. 1 (E.D.N.Y. 1966); *Dickinson v. Ronwin*, 935 S.W. 2d 358 (Mo. App. 1996).

8. Since direct proof of fraud often is not available, courts may rely on circumstantial evidence to establish the fraudulent intent. *Western Production Credit Ass'n v. Kear*, 723 P.2d 965 (N.M. 1986); *United States v. Jensen*, 1992 U.S. App. LEXIS 34732 (10th Cir.).

9. The Dinah Road transfers occurred at a time when the Williamsons believed, or reasonably should have believed, they were facing substantial debts, including the federal income tax liabilities. On the date of the transfers of their interests in the Dinah Road property, the Williamsons had not paid their federal income taxes for year 1976, as determined by the Tax Court only four months earlier, and had failed to even file federal income tax returns for years 1978, 1979, 1980 and 1981. Transfers to family members when tax liabilities are outstanding are inherently suspect and must be critically examined. *United States v. Bierbrauer*, 936 F.2d 373 (8th Cir. 1991); *United States v. Bryant*, 15 F.3d 756 (8th Cir. 1994).

10. Knowing the adverse Tax Court decision would become final and the assessments were imminent because they had not appealed the decision, the Williamsons transferred the Dinah Road property by warranty deeds to their then minor Sons (12, 10 and 5 years old) on April 30, 1982, two weeks before the IRS made the assessment for the 1976 tax

debt.  The Williamsons' transfer to their minor Sons on April 30, 1982, without consideration, was made with intent to hinder, delay or defraud the United States, as a creditor.  *See United States v. Neilson*, 986 F.2d 1430 (10th Cir. 1992) unpublished 1992 WL 401598; 1992 U.S. App. LEXIS 34823.

11.    The evidence is clear and convincing that the transfers of the Dinah Road property lots from John and Nancy Williamson to their minor Sons were made with actual intent to hinder, delay or defraud the United States, as a creditor. *See Prairie Lakes Health Care Sys. v. Wookey*, 583 N.W.2d 405 (S.D. 1998).

12.    The transfers of the Dinah Road property meet the criteria set for fraudulent transfer under the factors set out in NMSA § 15-10-18 (B) .  *See United States v. Jensen, supra*.

13.    The Williamsons' explanations that the transfers were gifts and that they were made to protect the minor Sons in the event their marriage did not survive are implausible in light of all the surrounding facts and circumstances.

14.    To find the legal nominee relationship, courts consider whether there was consideration for the transfer; whether there was anticipation of a lawsuit or liabilities; whether the transferor retains dominion or control; the relationships between the taxpayer and the nominees; the failure to record the conveyance; retention of possession by the taxpayer; and whether or not state property taxes have been paid by the taxpayer.  When such a situation is found, the property is impressed with a constructive trust.  The constructive trust is imposed by law because a person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the

11

property. *Aragon v. Rio Costilla Co-op. Livestock Ass'n*, 812 P.2d 1300, 1304 (N.M. 1991); *see, e.g., Garcia v. Marquez*, 684 P.2d 513 (N.M. 1984).

15.   Whenever legal title is in one person but the beneficial interest, either from payment of the purchase price or other circumstances, is either wholly or partially in another, the courts will find that the nominees hold the property in trust, and that federal tax liens of the United States attach to the property. *United States v. Williams*, 581 F. Supp. 756 (N.D. Ga. 1982).

16.   The Court concludes that Garrett James Williamson, David Andrew Williamson, and John Gregory Williamson hold title to the Dinah Road property as nominees of their parents, John S. Williamson and Nancy L. Williamson, and the federal tax liens are legally attached and impressed on this property. *United States v. Miller Brothers Constr. Co.*, 505 F.2d 1031 (10th Cir. 1974).

All tendered findings and conclusions not incorporated herein are deemed Denied.

DATED this 5th day of December, 2006.

BRUCE D. BLACK
United States District Judge